

June 27, 2023

By ECF / PACER

The Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re: <u>Kuriyan v. Schreiber *et al.* Case No. 1:23-cv-02381 (JLR)
Letter Response to Letter Motion by New Defense Counsel</u>

To the Honorable Court:

I represent the plaintiff Vikram Kuriyan ("Plaintiff") in the above-captioned matter. I send this letter in brief response to the letter dated June 26, 2023, from Eliad S. Shapiro, Esq., of Moses Singer, who represents that he is incoming counsel to the Defendants. In that letter Mr. Shapiro requests that the court deny Plaintiff's motion for default judgment against Waterbridge, moves to vacate the Clerk's certificate of default by Waterbridge, and requests an extension of time to respond to the complaint until July 27, 2023. Plaintiff respectfully opposes.

In the first place, Mr. Shapiro's letter is not the proper mechanism to respond to Plaintiff's motion for a default judgment. Plaintiff moved the Court for a default judgment against Waterbridge on June 26, 2023. The proper way to respond to Plaintiff's motion is for Waterbridge to file a formal opposition to Plaintiff's formal motion. Mr. Shaprio's letter does not engage with the facts presented in Plaintiff's motion, including the fact that the Court very clearly stated in its June 12, 2023 order that the extension was "[s]o that *pro se* Defendant may have additional time to retain counsel . . . ." Dkt. 18. There was no reference to an extension for Waterbridge. Waterbridge was in default as of June 16, 2023, and should formally respond to Plaintiff's motion.

Second, we note that there was no need for any extension at all in this case. The stipulation that was reached on May 19, 2023 (and so ordered by the Court on the same date; Dkt. 13) was so that Defendants could obtain *new* counsel. As Mr. Shapiro implies, Moses Singer previously represented Defendants in prior litigation between these parties. The fact that Defendants had Moses Singer as counsel all along raises doubts about the good faith of Defendants' prior requests for extensions, and this one.

Third, Defendants attempt to argue that the prior litigation between the parties has a *res judicata* effect in this case. This issue should be fully briefed to the Court in opposition to Plaintiff's motion to default; Defendants do not even provide the underlying pleadings or decisions in the prior matter. But in any case the allegations here are different: Plaintiff alleges a scheme to



**T:** 212-390-8842
**F:** 866-844-8305
**David**@BoJo.law

14 Wall Street, 20th Floor
New York, NY 10005
www.BoJo.law

systematically abuse the usury laws of the State of New York in a way that affected Plaintiff as well as multiple offended non-parties.  The fact that Moses Singer was able to get their clients off without repaying a penny of the hundreds of thousands of dollars they admittedly took from my client by willful abuse of the usury laws does not exculpate Defendants from defending a RICO case.

We therefore respectfully request that the Court deny Waterbridge's letter motion, and set a briefing schedule to allow Waterbridge to explain why it has still, as of this date, not answered the Complaint in this matter.

We appreciate the Court's attention to these matters.

                            Yours very truly,

                            David K. Bowles
                            Bowles & Johnson PLLC