

June 30, 2023

**By ECF / PACER**

The Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

> Re:   Kuriyan v. Schreiber *et al.* Case No. 1:23-cv-02381 (JLR)
>         Letter Response to Letter Motion by New Defense Counsel

To the Honorable Court:

I represent the plaintiff Vikram Kuriyan ("Plaintiff") in the above-captioned matter. I write in compliance with the Court's text order of June 27, 2023 (Dkt. 27) in which the Court directed Plaintiff to respond to Defendants' arguments with respect to the legal standard for vacating a certificate of default.

**Background**

As previously briefed, Plaintiff initially agreed to a stipulated extension of time for Defendant Waterbridge Capital, LLC ("Waterbridge") to obtain counsel to respond to the complaint, which the Court so ordered. Dkt. 13. The Court ordered both Defendants to respond to the complaint by June 15, 2023. On June 8, 2023, Defendant Joel Schreiber ("Schreiber") wrote to the Court and asked for an extension of time to retain counsel. Dkt. 17. Waterbridge made no such request. On June 12, 2023, the Court allowed *pro se* Defendant additional time to retain counsel. Dkt. 18. The Court's order did not extend time for Waterbridge. Accordingly, Waterbridge was in default for not responding by June 15, 2023. On June 21, 2023, upon application by Plaintiff, the clerk issued a certificate of default. Dkt. 23. Plaintiff moved for default judgment on June 26, 2023. Dkt. 24.

Later on June 26, 2023, counsel for Waterbridge (and also Schreiber) belatedly appeared via a letter motion to the Court. Dkt. 25. Counsel for Waterbridge is Eliad S. Shapiro, Esq. Id. Mr. Shapiro is long-time counsel to Waterbridge, and has represented Waterbridge in previous litigation going back to at least 2017. *See, e.g.*, E. Consol. Properties, Inc. v. Waterbridge Cap. LLC, 149 A.D.3d 444, 52 N.Y.S.3d 306, 307 (2017) (Eliad S. Shapiro of counsel); Kuriyan v. Schreiber, 209 A.D.3d 406, 175 N.Y.S.3d 504 (2022), leave to appeal denied, 39 N.Y.3d 911, 209 N.E.3d 91 (2023) (Eliad S. Shapiro of counsel). Defendants' request for more time to obtain *new* counsel was therefore apparently a sham for the purposes of delay.

Waterbridge's letter briefed the standard for vacating a certificate of default. Dkt. 25. On June



T: 212-390-8842        14 Wall Street, 20th Floor
F: 866-844-8305        New York, NY 10005
David@BoJo.law         www.BoJo.law

27, 2023, the Court ordered Plaintiff to provide a letter brief in response. Dkt. 27.

**Standard for Vacating a Certificate of Default**

Defendants correctly state the standard for the Court's decision on vacating the certificate of default. Where a clerk's certificate of default has been entered, but there has been no final judgment of default, a court is to make the decision under Rule 55(c). Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981); Peoples v. Fisher, 299 F.R.D. 56, 58 (W.D.N.Y. 2014). However, the same "good cause" factors as under Rule 60(b) apply. Id. These are: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." New York v Green, 420 F3d 99, 108 [2d Cir 2005].

*Waterbridge's Default was Willful*

The first element is whether a default was willful. Green, 420 F3d at 108. Waterbridge's default was clearly willful here, as it was clearly designed to delay the case. Plaintiff completed service of process on Waterbridge on May 8, 2023. Dkt. 10. Plaintiff agreed to an initial extension of time to answer expressly to allow Defendants to obtain *new* counsel. This request was granted after a telephone call between the undersigned counsel and Schreiber on May 16, 2023 in which Schreiber represented that Defendants would not be using Mr. Shapiro and were seeking new counsel. The extension until June 15, 2023 was generous, and should have allowed Waterbridge plenty of time to obtain new counsel. Dkt. 13.

However, on June 26, 2023, Mr. Shapiro made his appearance. Dkt. 25. As stated above, Mr. Shapiro has represented Waterbridge since at least 2017, and as recently as 2023. E. Consol. Properties, Inc., 149 A.D.3d 444, 52 N.Y.S.3d at 307; Kuriyan, 209 A.D.3d 406, 175 N.Y.S.3d 504. Waterbridge did not, it is clear, hire "new counsel." It could have appeared by Mr. Shapiro as counsel timely by June 8, 2023. Schreiber simply deceived Plaintiff's counsel in asking for an extension to obtain new counsel.

Where a failure to file an answer is "part of an overall plan to delay the proceedings," then courts have found that a default is willful. Green, 420 F.3d at 108. "[W]e have refused to vacate a judgment where the moving party had apparently made a strategic decision to default." Am. All. Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996). Clearly that is the case here. Waterbridge had Mr. Shapiro as counsel all along, and made the strategic decision to default, trusting that the Court would ultimately vacate the default. This is more than mere neglect, and should not be condoned.

*Defendants Have Not Stated a Meritorious Defense*

The second element is whether a defendant has stated a meritorious defense. Green, 420 F3d at 108. Here, the only defense stated is one of *res judicata*. Under the doctrine of *res judicata* a final judgment on the merits in a prior action precludes the parties to that action from relitigating

issues that were or could have been raised in that action.  <u>Allen v McCurry</u>, 449 US 90, 94, 101 S Ct 411, 414, 66 L Ed 2d 308 [1980].

> Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.

<u>N.L.R.B. v United Tech. Corp.</u>, 706 F2d 1254, 1259-60 [2d Cir 1983].

Here, the decision of the First Judicial Department upon which the entire action was dismissed was that the loans to defendants were on their face criminal usurious and therefore void and unenforceable.  <u>Kuriyan</u>, 209 A.D.3d 406, 175 N.Y.S.3d 504.  This decision could in theory constitute *issue preclusion*, but it does not properly constitute *claim preclusion*.  In point of fact the status of the loans as criminally usurious is important to the RICO claim as a predicate act, but the RICO claim itself requires far more evidence to support it than the breach of contract claim litigated previously.  Moreover, the state case was dismissed on a CPLR 3211 motion to dismiss before Plaintiff was afforded a full and fair opportunity to litigate below.  Thus the defense of *res judicata* is not meritorious.

*Whether Vacating the Default with Cause Prejudice to Plaintiff*

The third element is whether vacating the default will cause prejudice to the non-defaulting party.  <u>Green</u>, 420 F3d at 108.  The prejudice here is simply that Plaintiff's ultimate recovery from Watebridge will be further delayed, and Waterbridge will be rewarded for its delay tactics.  As discussed above, there was no reason whatsoever that Mr. Shapiro, who has represented Waterbridge for at least six years, could not have timely appeared.  Defendants should not be rewarded for their tactical decision to default.

We appreciate the Court's attention to these matters.

                        Yours very truly,

                        David K. Bowles
                        Bowles & Johnson PLLC