

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Eliad S. Shapiro
Partner
Direct Dial: 212.554.7566
Fax: 212.377.6071
E-Mail: eshapiro@mosessinger.com

June 30, 2023

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      **Re: Case No. 23-cv-2381 — Kuriyan v. Schreiber et al.**

Judge Rochon,

  We write in response to Plaintiff's letter of June 26, 2023.

  On June 8, 2023, Mr. Schreiber submitted the following two-sentence letter request to the Court requesting an extension of time to respond to the Complaint: "My son is getting married this month.  I respectfully ask for a 45-day extension in order to retain counsel to represent and guide me through this process."  ECF No. 18.  By memo-endorsed Order, dated June 12, the Court granted the request and adjourned the Initial Pretrial Conference for all parties.  Id.

  Plaintiff asks the Court to strictly construe Mr. Schreiber's *pro se* two-sentence letter request for an extension of time to respond to the Complaint as making the fine legal distinction between himself and his LLC, Waterbridge.  Mr. Schreiber, who is not an attorney, intended his request to be on behalf of himself and Waterbridge.  Plaintiff's strained construction of Mr. Schreiber's letter runs contrary to "[t]he policy of liberally construing pro se submissions[,]" which is meant "to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training"—such as the right to respond to a Complaint.  McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156–57 (2d Cir. 2017).

  Plaintiff urges this improper strained construction of a technical point in a case where Plaintiff must lose now because he already lost in state court.  Indeed, this frivolous action is a regrettable waste of the Court's precious time and resources.  Moreover, given Plaintiff's decisive loss in state court, it is difficult to avoid the conclusion that Plaintiff brought this action merely to harass the Defendants and force them to spend money on their defense.  The Court should respectfully vacate the Certificate of Default and extend Defendants' time to respond to the Complaint.



June 30, 2023
Page 2

**Res Judicata Bars Plaintiff's Entire Complaint**

Courts in the Second Circuit have a "strong preference for resolving disputes on the merits, rather than based on a default." Johnson v. New York Univ., 324 F.R.D. 65, 69–70 (S.D.N.Y. 2018) (cleaned up). Here, Plaintiff's Complaint is meritless. As established in Waterbridge's initial submission, the prior state court action is *res judicata* against Plaintiff's RICO claims here.[1] The law is clear. When "determin[ing] the effect of a state court judgment, federal courts, including those sitting in diversity, are required to apply the preclusion law of the rendering state." Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 87 (2d Cir. 2000).[2] "New York has adopted a transactional approach to res judicata. This approach bars a later claim arising out of the same factual grouping as an earlier litigated claim **even if the later claim is based on different legal theories or seeks dissimilar or additional relief**." Clarkstown Recycling Ctr., Inc. v. Parker, Chapin Flattau & Klimpl, LLP, 1 F. Supp. 2d 327, 329 (S.D.N.Y. 1998) (emphasis added) (cleaned up).

Here, Plaintiff admits in Paragraph 54 of the Complaint that this lawsuit arises from the same exact criminally usurious loans that were the subject of the prior state court action. In the prior state action, Plaintiff could have asserted the same RICO claims he now alleges here—yet he attempted to do so. Simpson Elec. Corp. v. Leucadia, Inc., 530 N.E.2d 860, 866 (1988) ("State courts have concurrent jurisdiction over RICO civil claims"). "Second Circuit doctrine holds that judgments rendered in prior suits" are "given preclusive effect in a subsequent action between the same parties or their privies asserting a RICO claim that could have been but was not expressly asserted in the earlier litigation. . . . **a party cannot avoid the preclusive effect of res judicata or collateral estoppel by recasting allegations . . . adjudicated in the prior litigation as a federal RICO action**." Singh v. Parnes, 199 F. Supp. 2d 152, 158–59 (S.D.N.Y. 2002) (emphasis added) (citing Saud v. Bank of N.Y., 929 F.2d 916, 919 (2d Cir. 1991); Polur v. Raffe, 912 F.2d 52, 57 (2d Cir. 1990)).

Yet that is precisely what Plaintiff is attempting here. The prior action was dismissed on the merits with prejudice. Accordingly, Plaintiff's Complaint is barred by *res judicata*. Accordingly, the Court should respectfully permit Waterbridge to defend against this frivolous RICO action.

---

[1] Contrary to Plaintiff's position, the appropriate place to fully brief the *res judicata* issue is in a motion to dismiss, which Defendants intend to file. As set forth in Waterbridge's letter motion (ECF No. 25 at p.2), Defendants are not required to prove a defense now. See Schlatter v. China Precision Steel, Inc., 296 F.R.D. 258, 261 (S.D.N.Y. 2013).

[2] Plaintiff's reliance upon N.L.R.B. v United Tech. Corp., 706 F.2d 1254, 1259–60 (2d Cir 1983) is misguided. ECF No. 28. Among other reasons, that case deals with **federal** *res judicata* law, not the controlling law of New York State. Moreover, that case involved "events . . . occur[ing] at different places, and more than a decade apart . . . different employees engaged in different acts; and . . . different employer conduct in response to those acts." Id. at 1260. Here, Plaintiff admits that this action is based on the **same exact** transactions as in the prior state action.



June 30, 2023
Page 3

**Plaintiff Suffers No Prejudice from a Ten-Day Delay**

Plaintiff claims that Waterbridge is in default by ten days.[3]  Even assuming Plaintiff is correct, such a short delay does not prejudice Plaintiff—particularly where Plaintiff does not dispute that Mr. Schreiber still has additional time to respond to the Complaint.  Even so, "delay standing alone does not establish prejudice."  Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993).  "[A] plaintiff must demonstrate that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) (cleaned up).  Plaintiff simply cannot make such a showing under these circumstances.

**Plaintiff Filed the Default Motion Only After Our Office Attempted to Contact His Counsel**

Plaintiff makes much of the fact that he filed a motion for default judgment on June 26, 2023, and demands a formal motion in response.  But Plaintiff omits that earlier that same day—before Plaintiff filed his motion, and after we were retained—our office attempted in good faith to contact Plaintiff's counsel by phone (at 3:32 PM and 4:18 PM) and by email (at 4:41 PM) to obtain Plaintiff's consent to vacate the Certificate of Default in the hopes of avoiding needless motion practice.  Ex. "A."  It appears that, while our office awaited a response, Plaintiff hurried to file the motion for a default judgment.[4]  Our office was advised by the Clerk's office that Plaintiff filed his motion at or about 5:28 PM on June 26.  This is nothing short of gamesmanship, which this Could should not countenance.  Waterbridge respectfully requests that the Court exercise its discretion to treat its letter motion as a formal response to Plaintiff's motion and vacate the Certificate of Default.  Davis v. Musler, 713 F.2d 907, 912 (2d Cir. 1983) (the decision to vacate a default is "addressed to the sound discretion of the district judge").

Respectfully submitted,

Eliad S. Shapiro

---

[3] Plaintiff's counsel baselessly accuses our firm of somehow acting from the shadows as Defendants' counsel in this litigation prior to our appearance on June 26 and misrepresenting our involvement to the Court so that Defendants could delay this litigation.  That is nonsense.  Our firm was not retained with respect to this action until June 26, 2023.  Obviously, the fact that either undersigned counsel or the firm represented Mr. Schreiber in any past action does not mean that our representation necessarily continued to this action.

[4] That Plaintiff even filed for the Certificate of Default under the circumstances here is telling.  Plaintiff knew that Defendants were trying to obtain counsel. ECF Nos. 16, 18.  The Court ordered Plaintiff to update the Court as to the status of Defendants' efforts to find counsel by July 20, 2023.  ECF No. 18.  Yet Plaintiff deliberately chose not to do so, and instead requested the Certificate of Default.  It appears that Plaintiff was simply unwilling to risk the possibility that this Court would award Waterbridge additional time to obtain counsel and move to dismiss this frivolous action.  The Court should respectfully refuse to reward such tactics with entry of a default judgment.