UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIKRAM KURIYAN,<br><br>        Plaintiff,<br><br>   -against-<br><br>JOEL SCHREIBER and WATERBRIDGE CAPITAL, LLC,<br><br>        Defendants. | Case No. 1:23-cv-02381 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

   On March 21, 2023, Plaintiff filed the Complaint in this action, alleging a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, by Defendants Joel Schreiber and Waterbridge Capital, LLC ("Waterbridge"). ECF No. 1 ("Compl."). Now before the Court is Waterbridge's request to vacate the Clerk's Certificate of Default. ECF No. 25. Plaintiff opposes this request, and has filed his own motion for a default judgment. For the reasons that follow, Waterbridge's motion is GRANTED.

## BACKGROUND

   On May 19, 2023, Plaintiff filed two affidavits of service indicating the following: Joel Schrieber was served on May 4, 2023 by personal delivery (ECF No. 11), and Waterbridge Capital, LLC was served via the New York Secretary of State on May 9, 2023 (ECF No. 10). That same day, all parties filed a stipulation extending Defendants' time to answer the Complaint to June 15, 2023. ECF No. 13. That submission indicated that Mr. Schreiber had been in contact with Plaintiff's counsel on behalf of both Defendants. *See id.* On June 6, 2023, Plaintiff filed another letter that indicated he had been in touch with Mr. Schreiber, who was in the process of retaining counsel for Defendants. ECF No. 14. On June 8, 2023, Mr. Schreiber filed a short letter requesting "a 45-day extension in order to retain

counsel to represent and guide me through this process." ECF No. 17.  On June 12, 2023, the Court granted Mr. Schreiber's request, adjourning the Initial Pretrial Conference until July 27, 2023.  ECF No. 18.

On June 21, 2023, Plaintiff filed a Proposed Clerk's Certificate of Default, and accompanying affidavit, with respect to Waterbridge.  ECF Nos. 21-22.  The Clerk of Court issued the Certificate of Default that same day.  ECF No. 23.  On June 26, 2023, Plaintiff filed a motion for default judgment.  ECF No. 24.  On the same day, counsel for Defendants – including Waterbridge – filed a letter requesting that the Court vacate the Clerk's Certificate of Default, and requested additional time to respond to the Complaint in light of the fact that counsel had just been retained by Mr. Schreiber and Waterbridge.  ECF No. 25.  The following day, on June 27, 2023, Plaintiff filed a response, stating that Waterbridge should respond to the motion for default.  ECF No. 26.  The Court ordered the parties to file additional submissions, and in compliance with that Order, on June 30, 2023, Plaintiff filed a letter opposing Waterbridge's request to vacate the Certificate of Default (ECF No. 28), and Waterbridge filed a letter responding to the arguments Plaintiff raised in his June 27, 2023 letter (ECF No. 29).

## DISCUSSION

The Court will grant Waterbridge's request to vacate the Certificate of Default.  Under Federal Rule of Civil Procedure 55(c), a certificate of default may be "set aside . . . for good cause," prior to the entry of final judgment.  Fed. R. Civ. P. 55(c).  "The factors a court considers when deciding whether to set aside a Certificate of Default or a default judgment are the same, but 'courts apply the factors more rigorously in the case of a default judgment, because the concepts of finality and litigation repose are more deeply implicated.'"  *Ramsaran v. Abraham*, No. 15-cv-10182 (JPO), 2017 WL 1194482, at *9 (S.D.N.Y. Mar. 30, 2017)

(quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d. 90, 96 (2d. Cir. 1993) (internal citation omitted)). These factors include: "'(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the non-defaulting party prejudice.'" *Belizaire v. RAV Investigative & Sec. Servs., Ltd.*, 310 F.R.D. 100, 104 (S.D.N.Y. 2015) (quoting *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005)); *see also Enron Oil*, 10 F.3d at 96.

All of the factors clearly weigh in favor of vacating the Certificate of Default here. As illustrated by the timeline in this case, Waterbridge's default was not willful. A willful default requires "conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Plaintiff was in contact with Mr. Schreiber prior to the time he sought a Certificate of Default. When the parties stipulated to an extension of the time to respond to the Complaint, Plaintiff accepted that Mr. Schreiber was acting on behalf of both himself and Waterbridge. *See* ECF No. 13. When Plaintiff wrote to the Court on June 6, 2023, he noted that both Defendants were in the process of retaining counsel based on conversations with Mr. Schreiber. *See* ECF No. 14. Mr. Schreiber, acting without counsel, sought additional time from the Court, but mistakenly did not indicate whether he was acting on behalf of Waterbridge. ECF No. 17. Plaintiff argues that the default was willful because Mr. Schreiber had different counsel (ECF No. 26), and Mr. Shapiro has represented Defendants for a long time (ECF No. 28). Contrary to Plaintiff's arguments, none of these submissions clearly indicate that Waterbridge was acting willfully in not answering the Complaint or delaying the proceedings; rather they evidence that the parties were in contact with each other and the Court, and that Defendants were seeking to retain counsel. Indeed, "a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful." *Johnson v. New York Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018),

3

a*ff'd*, 800 F. App'x 18 (2d Cir. 2020).  Counsel for Waterbridge filed a motion to vacate the default certificate only a few days after it was filed by the Clerk, and the same day Plaintiff filed his motion for a default judgment.  Accordingly, the Court finds that the default was not willful.

Next, Plaintiff will suffer little prejudice from vacating the Certificate of Default at this early stage of the case.  The delay in responding to the Complaint will not "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  *Haley v. Weinstein*, No. 20-cv-09109 (JPC), 2021 WL 707074, at *2 (S.D.N.Y. Feb. 22, 2021) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).  Plaintiff contends that he will be prejudiced only in the sense that his ultimate recovery will be further delayed.  ECF No. 28.  But Plaintiff agreed to extend the time to respond to the Complaint to June 15, 2023, and Waterbridge moved to vacate the Certificate of Default only 11 days later.  Plaintiff's opposition to the vacatur has itself delayed these proceedings.  Therefore, Plaintiff will suffer minimal prejudice from vacatur.

Finally, Defendants have raised a serious question about the merits of Plaintiff's case.  "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense.  The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."  *Enron Oil*, 10 F.3d at 98.  Defendants argue that this action will be precluded by *res judicata* because Plaintiff previously brought the same claim in New York State Court, as alleged in the Complaint.  ECF No. 25; ECF No. 29.  Plaintiff does not dispute that he previously filed a similar action in New York State Court, but contends that although certain issues may be precluded by that prior action, his entire claim should not be barred.  *See* ECF No. 28.  In any event, Waterbridge has raised a

4

serious question as to the merits of Plaintiff's claim, and therefore this factor weighs in favor of vacating the Certificate of Default.

In light of the fact that all of the factors weigh in Waterbridge's favor, and in light of the Second Circuit's "preference for resolving disputes on the merits," the Court finds good cause to vacate the default and allow Waterbridge to answer the Complaint. *Enron Oil*, 10 F.3d at 95.

## CONCLUSION

For the aforementioned reasons, the Court GRANTS Waterbridge Capital, LLC's motion to vacate the Certificate of Default entered against it.  IT IS HEREBY ORDERED that Defendants shall answer or otherwise respond to the Complaint no later than **July 27, 2023**. The Court is unlikely to grant further extension requests absent a showing of good cause.

The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 24, 25, and 29.

Dated:  July 7, 2023
        New York, New York

                                              SO ORDERED.

                                              *Jennifer Rochon*
                                              JENNIFER L. ROCHON
                                              United States District Judge